**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| Shaun Mouzon | ) |
| 3804  Rockeby Road | ) |
| Baltimore, Maryland 21223 | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| Officer Charles Mewshaw | ) |
| Individually and in Official Capacity | ) |
| 601 E. Fayette Street | ) |
| Baltimore, Maryland 21202 | ) |
| Or | ) |
| Northeastern District | ) |
| 1900 Argonne Dr. | ) |
| Baltimore, MD 21218 | )   Civil Action No.: |
| | ) |
| and | ) |
| Ltn. Torran D. Burrus | ) |
| Individually and in Official Capacity | ) |
| 601 E. Fayette Street | ) |
| Baltimore, Maryland 21202 | ) |
| Or | ) |
| Northeastern District | ) |
| 1900 Argonne Dr. | ) |
| Baltimore, MD 21218 | ) |
| | ) |
| and | ) |
| Officer Fabien Laronde | ) |
| Individually and in Official Capacity | ) |
| 601 E. Fayette Street | ) |
| Baltimore, Maryland 21202 | ) |
| Or | ) |
| Northeastern District | ) |
| 1900 Argonne Dr. | ) |
| Baltimore, MD 21218 | ) |
| | ) |
| and | ) |
| Officer Chris Szakolczai | ) |
| Individually and in Official Capacity | ) |
| 601 E. Fayette Street | |
| Baltimore, Maryland 21202 | |

and

Officer Kevin Saliba
Individually and in Official Capacity
601 E. Fayette Street
Baltimore, Maryland 21202


and
Anthony W. Batts, Police Commissioner for
Baltimore City
Individually and In Official Capacity as
Commissioner
601 E Fayette St.
Baltimore, MD 21202
**Serve on:**
Baltimore City Police Department
Anthony W. Batts, Police Commissioner
601 E Fayette St.
Baltimore, MD 21202


and
Mayor & City Council of Baltimore
**Serve On:** George Nilson, City Solicitor
Room 101, City Hall
100 North Holliday Street
Baltimore, MD 21202


and
Frederick H. Bealefeld III, Police
Commissioner for Baltimore City
Individually and In Official Capacity as
Commissioner
601 E Fayette St.
Baltimore, MD 21202
**Serve on:**
Baltimore City Police Department
Frederick H. Bealefeld, III, Police
Commissioner
601 E Fayette St.
Baltimore, MD 21202


_____ Defendants. _____

**COMPLAINT AND DEMAND FOR JURY TRIAL FOR MONETARY DAMAGES FOR VIOLATION OF PLAINTIFFS' CIVIL RIGHTS**

**Now Comes Plaintiff**, Shaun Mouzon, by and through his attorneys, A. Dwight Pettit, Latoya Francis-Williams and the Law Offices of A. Dwight Pettit, P.A., and Allan B. Rabineau and sues the Defendants, Officer Charles Mewshaw, Officer Fabien Laronde, Officer Torran Burrus, Officer Chris Szakolczai, Officer Kevin Saliba, Anthony W. Batts, former Police Commissioner for Baltimore City, in his individual and official Capacity as Commissioner of the Baltimore City Police Department, Frederick H. Bealefeld III, former Police Commissioner for Baltimore City, in his individual and official Capacity as Commissioner of the Baltimore City Police Department and Mayor & City Council of Baltimore for reasons stated as follows:

## INTRODUCTION

1.     This is an action for money damages brought under the laws of the State of Maryland and the Constitution of the United States, against Baltimore City Police Department Officers Charles Mewshaw, Torran Burrus, Fabien Laronde, Chris Szakolczai, Kevin Saliba, Anthony W. Batts, former Police Commissioner for Baltimore City In his Individual and Official Capacity as Commissioner, Frederick H. Bealefeld III, former Police Commissioner for Baltimore City In his Individual and Official Capacity as Commissioner and the Mayor and City Council of Baltimore City.

2.     It is alleged that the individual Defendant police officers made an unreasonable seizure of the person of Plaintiff, Shaun Mouzon, thereby violating his rights protected by Article 26 and Article 24 of the Maryland Declaration of Rights, and the Fourth and Fourteenth Amendments of the United States Constitution that these Defendants battered Plaintiff Mouzon and otherwise used excessive and unwarranted

force during the course of an unlawful traffic stop.  It is further alleged that the defendant former Commissioners Anthony Batts and his predecessor, Frederick H. Bealefeld, III failed to properly train, supervise and manage and otherwise enforce policies regarding use of force against unarmed non-custodial persons, in instigating and escalating violence after an unlawful traffic stop, despite open and public complaints of excessive force against other citizens of Baltimore City prior to and after the incident complained of in this case.

## PRE-SUIT REQUIREMENTTS

3.　　Plaintiffs have satisfied the notice of claim prerequisites to suit as specified by the Maryland Tort Claims Act, Md. Code Ann., State Gov't Art., § 12-106, and the Local Government Tort Claims Act, Md. Code Ann., Cts. & Jud. Proc. Art., § 5-304. Plaintiffs sent timely notices of their claims to the Baltimore City Solicitor, the Maryland State Treasurer and The Baltimore City Police Department, by certified mail, return receipt requested, on October 1, 2013[1].

---

[1] It is alleged that the Defendant Police Officers shot unarmed, Plaintiff Shaun Mouzon, multiple times, on January 28, 2013 forcing him to be rushed to the University of Maryland Shock Trauma unit, where he remained until he was transferred to University of Maryland Rehabilitation and Orthopedic Institute (Hereinafter referred to as Kernan"), on March 11, 2013, for inpatient rehabilitation.  Plaintiff Mouzon remained at Kernan until on or about April 4, 2013.  Plaintiff Mouzon, nevertheless, was not a decannulation candidate at the time of release from Kernan for home care and was transported back and forth to the hospital until about June 20, 2013 Accordingly, pursuant to *Prince Georges's County v. Longtin*, 419 Md. 450, 469 (2011)(standing for the proposition that serious physical or mental injury can serve as a waiver for good cause in the context of the sec. 5-304 notice requirement), Mr. Mouzon's Tort Claims Act notices are timely, as they were mailed via certified first class mail restricted delivery within 180 days of his release from the hospital and road to recovery from the serious physical injury caused by Defendant Officers in this case.  Further, no defendant in this matter has been prejudiced as a result of receiving notice in October 1, 2013 as all Defendants have been actively engaged in investigating this matter since incident reports were drafted by all Defendant Officers (including some non-defendant Baltimore City Police Department Officers) beginning January 28, 2013 at approximately 6:25 pm; and, an application with affidavit(s) for a search and seizure warrant was drafted by Baltimore City Police Officers on January 29, 2013 while Mr. Mouzon lay in the hospital fighting for his life.

## JURISDICTION AND VENUE

4.     Jurisdiction is proper under 42 U.S.C. § 1331 and 42 U.S.C. §.

5.     Venue is proper in the Circuit Court for Baltimore City pursuant to §6-201(a) of the

       Maryland Code Annotated, Courts & Judicial Proceedings Article, as all Defendant

       Officers work in the City of Baltimore; their employer, the Baltimore City Police

       Department (herein after "BPD"), is also located in Baltimore, Maryland.  The

       actions complained of occurred in the City of Baltimore.

6.     This is an action for money damages brought pursuant to the laws of the State of

       Maryland, Article 24 and Article 26 of the Maryland Declaration of Rights, 42 U.S.C.

       §§ 1983, 1985 and 1988, the fourth and fourteenth Amendments to the United States

       Constitution, against Baltimore City Police Department Officer Charles Mewshaw,

       Officer Fabien Laronde, Officer Torran Burrus, Officer Chris Szakolczai, Officer

       Kevin Saliba,  Former Commissioner Anthony Batts, Former Commissioner

       Frederick H. Bealefeld III, individually and in their official capacities, and the Mayor

       and City Council of Baltimore.

## PARTIES

7.     That at all times relevant hereto, plaintiff, Shaun Mouzon (hereinafter "Plaintiff

       Mouzon"), was the victim of an illegal seizure, assault and battery. Plaintiff Mouzon

       suffered emotional distress at the hands of the above noted Baltimore City Police

       Officers as a result of the Defendant Officers shooting him multiple times, without

       legal justification. Plaintiff brings this action as a Baltimore City citizen having

       suffered constitutional depravations by defendants.

8.      That at all times relevant hereto Defendant Officers Charles Mewshaw (hereinafter "Defendant Mewshaw"), Officer Fabien Laronde (hereinafter "Defendant Laronde"), Officer Torran Burrus (hereinafter "Defendant Burrrus"), Officer Chris Szakolczai (hereinafter "Defendant Szaolczai") and Officer Kevin Saliba (hereinafter "Defendant Saliba") were Baltimore City Police Department (hereinafter "BPD") officers acting under color of State and local law and on good information and belief as members of the Southwest District Operations Unit of the BPD.  That at all times relevant hereto, all Defendant Officers were duly authorized agents, servants and employees of the BPD, and who without legal justification stopped Plaintiff Mouzon in an unlawful traffic stop and, thereafter, shot him multiple times , causing severe physical injuries to Mr. Mouzon.

9.      That at all times relevant hereto Defendant Baltimore Police Commissioner Anthony Batts (hereinafter "Commissioner Batts") was the Commissioner of the BPD and Defendant Bealefeld was his predecessor of the BPD.  They were appointed by the Mayor of Baltimore under the advice and consent of the Baltimore City Council. The Commissioners, in their capacity as such, exercised final policy making authority for BPD, established the duties, standards of conduct and discipline of officers.  The said Commissioners established policies regarding hiring, screening, training, monitoring, supervision and discipline of officers employed by the BPD.  At all times relevant hereto, they acted under color of State and local law, and are joined in this complaint in their individual and official capacity.  Much has been widely reported in the community, by news media, and to the BPD Internal Affairs Division, about the activities and excessive force allegations against members of the BPD, including

specific Defendant BPD Officers in this suit.  Some resulting in settlements and awards.  The commissioners were either aware of or should have been aware of these matters, and therefore, had actual or constructive knowledge that BPD officers were engaged in conduct posing a pervasive and unreasonable risk of actual harm and constitutional depravation to citizens such as Plaintiff Mouzon;  These Commissioners' responses to that knowledge was so inadequate or nonexistent as to constitute deliberate indifference to or tacit authorization of the alleged offensive practices; and there was an affirmative causal link between the Commissioners inaction and Shaun Mouzon's injuries and constitutional depravations.

10.    At all times relevant herein, the defendant, Mayor & City Council of Baltimore (hereinafter "M&CC"), was the governing authority of Baltimore City, which is categorized as a municipality in the State of Maryland empowered to carry out certain governmental functions within its geographic limits, and is financially responsible under the Local Tort Claims Act, Maryland Courts & Judicial Proceedings, Section 5-301 *et. seq.* for the actions and civil violations of the Baltimore Police Department. The defendant, M&CC, was at all times relevant acting in control of the Baltimore City police Department in spite of their well documented denial.  The M&CC at all times relevant to facts pertaining to this case exercised control over and influenced the policies, practices and customs of the police department, as well as the training, supervision, control and discipline of police officers.  The Baltimore City Police Department is and was the employer of the defendant police officers named herein. In addition the Baltimore City Police Department failed to act through its policy-making officials, including, but not limited to, the Mayor, members of the City

Council, the Police Commissioner of Baltimore City Police Department and other high ranking members of the Baltimore City Police Department, including colonels, majors, precinct captains, and lieutenants and sergeants engaged in supervision of police patrol activities; the act and edicts of these policy making officials constitute the policies, practices and customs of Baltimore City.  M&CC control, hire, fire and direct the Commissioner in his activities.  For years, the M&CC have been hiding behind the fallacy that the Baltimore City Police Department is controlled by the State.  That although originally conceived to get the control of the Baltimore City Police Department  in State hands and not local control, this is no more than a relic of past history and is not factually supportable at the present time.  There is no evidence that the Baltimore City Police Department is in any way under the control of the Governor, State Legislature or any State agency, and in fact, the Baltimore City Police Department is funded by the Mayor and City Council of Baltimore, and not by the State of Maryland.  Currently, the Mayor and City Council of Baltimore are seeking $2 million for outside lawyers to respond to a U.S. Justice Department Probe into the Baltimore City Police Department for Civil Rights violations and other improprieties[2].

## FACTS COMMON TO ALL COUNTS

11.   On January 28, 2013, at about 6:25 P.M., Mr. Shaun Mouzon, was driving his 2006 Silver Hyundai on Wicklow Road, in Baltimore, Maryland.

12.   Mr. Mouzon was driving within the posted speed limit, in a safe and prudent manner while listening to music on his vehicle's radio.

---

[2]   http://www.justice.gov/opa/pr/justice-department-opens-pattern-or-practice-investigation-baltimore-police-department

13.     Mr. Mouzon eventually came to a complete stop at a red traffic light at the intersection of Wicklow Road and Edmonson Ave., in Baltimore Maryland.

14.     Mr. Mouzon was approximately three to four cars back from the actual intersection as he waited for the red light to turn green allowing him to advance through said intersection.

15.     Mr. Mouzon then observed the red light turn from red to green and patiently waited his turn to continue through the intersection of Wicklow Road and Edmonson Avenue.

16.     As the vehicle immediately in front of him drove off Mr. Mouzon released the brake of his vehicle in order to drive through the intersection of Edmonson Avenue and Wicklow Road, when he heard gunshots and felt something strike him suddenly in the chest area.

17.     At about the same time and location Defendant Police Officers Mewshaw, Laronde and Burrus were driving in the same direction as Mr. Mouzon, in an unmarked Baltimore City owned Police vehicle in the 3300 Block of Edmonson Avenue.

18.     The Defendants' vehicle was recklessly brought to a complete stop in the middle of the 3300 block of Edmonson Avenue as Mr. Mouzon waited for his turn to move from a complete stop and drive through the intersection.

19.     Upon coming to a complete stop, Defendant Officers Charles Mewshaw, Fabien Laronde, Torran Burrus, Chris Szakolczai, Kevin Saliba exited their vehicle with guns drawn, leaving the motor of their vehicle running in the middle of Edmonson Avenue, and hurried towards Mr. Mouzon's vehicle, passing multiple vehicles before arriving at the rear of Mr. Mouzon's vehicle.

20.     Defendant Officers Laronde and Burrus approached Mr. Mouzon's vehicle from the rear passenger side and Defendant Officer Mewshaw approached Mr. Mouzon's vehicle from the rear driver's side.

21.     Defendant Officers Charles Mewshaw, Fabien Laronde, Torran Burrus joined by Chris Szakolczai, Kevin Saliba had their departmental issued service weapons drawn as they walked down the middle of Edmonson Avenue.

22.     Upon arriving at the rear of Mr. Mouzon's vehicle, the defendant officers open fire without cause or justification on Mr. Mouzon's vehicle striking Mr. Mouzon's vehicle, then striking Mr. Mouzon himself.

23.     After realizing they struck Mr. Mouzon multiple times, the defendant Officers, continued firing at Mr. Mouzon's vehicle and at Mr. Mouzon striking his person and his vehicle many more times.

24.     Although seriously wounded Mr. Mouzon managed to navigate his vehicle through the intersection.

25.     However, Mr. Mouzon's vehicle crashed into a curb as a result of his inability to maintain control over said vehicle due to his condition.

26.     Defendants Mewshaw, Laronde and Burrus all got back into their vehicle and drove approximately one block to Mr. Mouzon's crashed vehicle.

27.     With guns drawn Defendant Officers approached Mr. Mouzon in his vehicle and found him unresponsive in the driver's seat

28.     Defendant Burrus immediately searched Mr. Mouzon and confirmed that he, Mr. Mouzon, was *not* armed with any firearm or weapon whatsoever.

29.     Dispatch was contacted and a medic was requested for Mr. Mouzon.

30. Baltimore City Fire Department Medic # 21 responded to Mr. Mouzon's location and transported him to the University of Maryland Shock Trauma Unit.

31. As a result of Mr. Mouzon's inability to speak for himself due to being unconscious at the hands of the previously named Defendant Officers, it was they who advised both Medic #21 and University of Maryland Shock Trauma emergency department medical personnel of their false version of Mr. Mouzon's history of presenting injuries.

32. Mr. Mouzon suffered severe medical injuries as a result of the Defendant Police Officers conduct.

33. Mr. Mouzon underwent multiple surgeries and treatment and incurred medical bills in excess of $500,000.00 as a result of being shot by the Defendant Officers.

34. Prior to being shot by the Defendant Police Officers Mr. Mouzon had no past contributing medical surgeries or past contributing medical history.

35. Mr. Mouzon did not cause or contribute to his injuries in any form or fashion

36. Mr. Mouzon had not acted in any manner to justify the Defendants' shooting him.

37. While Mr. Mouzon was in the hospital charges were brought against him for the offenses of carrying a handgun on his person and carrying a handgun in his vehicle despite the issuing officers' confirmation that no handgun was ever recovered from Mr. Mouzon's person or Mr. Mouzon's vehicle at any time.

38. Mr. Mouzon was required to hire an attorney to defend against these illegal and unjustified charges.  He incurred expenses in doing so; including, the time and expense of attempting to recover personal property damaged or taken by the Defendants.

39.     A nolle prosequi was entered for all of the criminal and traffic charges filed against Mr. Mouzon.

40.     Mr. Mouzon's arrest was without legal justification or probable cause. His personal property was intentionally destroyed. He was subjected to an unnecessary and unconstitutional use of force. He was tormented and unjustly arrested by the Defendant Police Officers.

41.     Defendant Commissioners Batts and his predecessor Bealefeld exerted substantial control over the policies and practices that governed the actions of individual officers in the BPD, including the Defendant Officers and their superiors.

42.     In exercising such control, Defendant Commissioner Batts and Defendant Commissioner Bealefeld had created by implication or express instruction, a policy, practice, or custom within the BPD which not only promoted the violation of the constitutional rights of citizens by allowing the unlawful shooting of citizens often resulting in death, but also the engagement of members of the BPD in acts of unjustified violence and the false arrest and imprisonment of the citizens of Baltimore in violation of their constitutional rights. The failure to train and institute correction practices and policies amounted to a deliberate indifference to the Constitutional rights of persons with whom the police came into contact.

43.     There have been numerous examples in years prior to this shooting of the BPD use of unjustified force against citizens assaulting, severely injuring and/or killing persons then fabricating criminal charges against these victims which are later dismissed. Examples include, but are not limited to: a) the well-publicized beating of Makia Smith, on March 8, 2012; b) the September 2012 shooting of a handcuffed suspect,

Calvin Kyle, who was paralyzed from the waist down; c) the unjustified and unprovoked June 5, 2008 fatal shooting of the non-custodial citizen Tyrone Brown, a former United States Marine, by Baltimore Police Officer Gahiji Tshamba; d) the unjustified fatal shooting of William Torbit and Sean Gamble January 9, 2011; e) the unjustified fatal March 31, 2012 shooting of George Wells by Officer Michael Gordon and f) the June 25, 2003 unjustified and unprovoked assault on pre-trial detainee Albert Mosely by Officer Kershaw, rendering Mr. Mosley a quadriplegic. Further, Justin George, in an August 15, 2013 Baltimore Sun Article reported that thirteen people had been shot – four of them fatally -- by police in 11 incidents thus far in 2013.  And, in 2012, by August, Baltimore City Police Officers had shot nine people, seven of them fatally. By the end of 2012 Baltimore officers had shot 15 people resulting in nine fatalities[3].  Further, Officer Laronde has been investigated for his alleged use of excessive force and abuses to citizens while acting under color of law in the following instances: July 2006 allegations of Laronde's planting evidence; 2008 allegations of unlawful detention of a Baltimore City Employee inside the Courthouse and falsely accusing the employee of being a gang member.  A jury award the City employee $40,000.00 in that case; July 2009 allegations of strip searching a citizen in an open shopping center parking lot, then releasing said citizen without charges.  Due to confusion over the incident date, this case was dismissed; June 2011 allegations of stealing $770 from an arrestee and fabricating charges.  The City paid this arrestee $1,500.00; and, April 2012 allegations of strip searching and

---

[3] See http://articles.baltimoresun.com/2013-08-15/news/bs-md-ci-officer-identify-20130815_1_bb-gun-west-baltimore-baltimore-police-officer

assaulting a woman and man on the street resulted in a settlement of $150,000.00, all prior to the incidents at issue in this case.[4]

## COUNT I –BATTERY
### (Officer Charles Mewshaw; Fabien Laronde; Torran Burrus; Chris Szakolczai; Kevin Saliba)

44.   Plaintiffs incorporate Paragraphs 1- 43 as if fully stated herein

45.   The Defendant Officers Mewshaw, Laronde and Burrus engaged in intentional acts of unlawful conduct by aiming at and shooting Mr. Mouzon multiple times as he sat in his vehicle in traffic simply waiting for the traffic light to change.

46.   The Defendants' intentional acts were harmful and offensive in that they caused the plaintiff physical pain, injury and offended the plaintiff's personal sense of dignity.

47.   Defendants conduct was without legal justification and was improperly motivated by ill will and actual malice.

48.   As a result of the careless, reckless and negligent acts of the defendants, the plaintiff was caused to sustain serious painful and permanent injuries to his head body and limbs, severe, shock to his nerves and nervous system and great mental suffering whereby he was and will be obligated to receive hospital and medical care and treatment for such injuries, was and will be required to incur bills for such care and treatment; was and will be prevented from engaging in his usual employment, duties, activities and pursuits; and, will be otherwise injured and damaged, both past, present and in the future.

**WHEREFORE,** Plaintiff brings this action against the defendants, individually and jointly, and claims compensatory damages in the amount of $5,000,000.00 (Five

---

[4] See http://wbaltv.com/news/baltimore-police-officer-suspended-for-alleged-misconduct/35946738

Million Dollars) and punitive damages in the amount of $5,000,000.00 (Five Million

Dollars).

## COUNT II – FALSE ARREST
### (Officer Charles Mewshaw; Fabien Laronde; Torran Burrus; Chris Szakolczai; Kevin Saliba)

49.     Plaintiffs incorporate Paragraphs 1-48 as if fully stated herein;

50.     Defendants did not have any rational articulable reason to believe Mr. Mouzon had

engaged in any crime, resisted arrest, acted in a disorderly fashion or failed to obey a

lawful order and was therefore without lawful authority or adequate probable cause to

detain/arrest Mr. Mouzon.  Mr. Mouzon was, nevertheless, subjected to the detention

described herein.

51.     The detention was affected by Defendants who shot Mr. Mouzon, incapacitating him,

and by placing Mr. Mouzon under arrest after his motionless body lay still in his

vehicle.

52.     The arrest of Mr. Mouzon by Defendants was made without a warrant, without legal

justification, and without probable cause to support a lawful arrest.

53.     Defendants conduct demonstrated ill will, improper motivation and actual malice.

54.     As a result of the careless, reckless and negligent acts of the defendants, the plaintiff

was caused to sustain serious painful and permanent injuries to his head body and

limbs, severe, shock to his nerves and nervous system and great mental suffering

whereby he was and will be obligated to receive hospital and medical care and

treatment for such injuries, was and will be required to incur bills for such care and

treatment; was and will be prevented from engaging in his usual employment, duties,

activities and pursuits; and, will be otherwise injured and damaged, both past, present and in the future.

**WHEREFORE,** Plaintiff brings this action against the defendants, individually and jointly, and claims compensatory damages in the amount of $5,000,000.00 (Five Million Dollars) and punitive damages in the amount of $5,000,000.00 (Five Million Dollars).

## COUNT III – FALSE IMPRISONMENT
### (Officer Charles Mewshaw; Fabien Laronde; Torran Burrus; Chris Szakolczai; Kevin Saliba)

55.   Plaintiffs incorporate Paragraphs 1-54 as if fully stated herein;

56.   The actions of Defendant Officers caused Mr. Mouzon to be unlawfully deprived of his personal liberty, freedom and property without his consent and without justification by the malicious, intentional and wanton acts of Defendants, and was forced to undergo surgery and life-saving medical treatment.

57.   As a result of the unlawful conduct described herein, Mr. Mouzon was detained against his will, for an extended period of time and he experienced pain, suffering, humiliation, inconvenience, and embarrassment for the totality of the events he was forced to endure

58.   The Defendants' actions demonstrate ill will, improper motivation, evil purpose, and/or actual malice.

**WHEREFORE,** Plaintiff brings this action against the defendants, individually and jointly, and claims compensatory damages in the amount of $5,000,000.00 (Five Million Dollars) and punitive damages in the amount of $5,000,000.00 (Five Million Dollars).

## COUNT IV – CONVERSION
### (Officer Charles Mewshaw; Fabien Laronde; Torran Burrus; Chris Szakolczai; Kevin Saliba)

59.     Plaintiffs incorporate Paragraphs 1-58 as if fully stated herein:

60.     The Officers seized and destroyed Plaintiff's personal property.

61.     Mr. Mouzon did not consent to this seizure and destruction of his personal property.

62.     Defendant Officers were not authorized by law to seize and destroy Plaintiff's telephone-camera and the data or the vehicle he was driving.   They did so simply to prevent Plaintiff from having the ability to contact his loved ones or witnesses, to intimidate him; and, to discourage citizens from reporting evidence of police actions in connection with their illegal stop of Mr. Mouzon and their unprovoked assault and battery of Mr. Mouzon.

63.     The Officers acted with ill will, spite and an intent to injure Mr. Mouzon.  Their actions were motivated by an evil or fraudulent motive, or with knowledge that they were violating Plaintiff's property rights.

64.     As a result of Defendants' tortious acts, Mr. Mouzon suffered damages including physical injury, emotional trauma, humiliation, distress loss of and destruction of his personal property.

        **WHEREFORE,** Plaintiff brings this action against the defendants, individually and jointly, and claims compensatory damages in the amount of $5,000,000.00 (Five Million Dollars) and punitive damages in the amount of $5,000,000.00 (Five Million Dollars).

## COUNT V – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### (Officer Charles Mewshaw; Fabien Laronde; Torran Burrus; Chris Szakolczai; Kevin Saliba)

65.     Plaintiffs incorporate Paragraphs 1-64 as if fully stated herein:

66.     Defendants ran at the Mr. Mouzon without legal justification in a threatening manner, with their guns drawn, shooting at Mr. Mouzon which caused him to be in fear of injury and possible death.

67.     Defendants' conduct was extreme and outrageous, and caused the Plaintiff emotional distress of a severe nature

68.     The Defendants' conduct was intentional, reckless , excessive, outrageous and malicious.

69.     Defendants conduct and anticipated results were extreme, outrageous and beyond the bounds of decency in society

70.     As a result of the careless, reckless and negligent acts of the defendants, the plaintiff was caused to sustain serious painful and permanent injuries to his head body and limbs, severe, shock to his nerves and nervous system and great mental suffering whereby he was and will be obligated to receive hospital and medical care and treatment for such injuries, was and will be required to incur bills for such care and treatment; was and will be prevented from engaging in his usual employment, duties, activities and pursuits; and, will be otherwise injured and damaged, both past, present and in the future.

        **WHEREFORE,** Plaintiff brings this action against the defendants, individually and jointly, and claims compensatory damages in the amount of $5,000,000.00 (Five Million Dollars) and punitive damages in the amount of $5,000,000.00 (Five Million Dollars).

## COUNT VI – VIOLATION OF ARTICLE 24 AND ARTICLE 26 OF THE MARYLAND DECLARATION OF RIGHTS
(Officer Charles Mewshaw; Fabien Laronde; Torran Burrus; Chris Szakolczai; Kevin Saliba)

71.   Plaintiff incorporates Paragraphs 1-70 as if fully stated herein:

72.   Article 24 of the Maryland Declaration of Rights protects the same freedoms

       guaranteed by the Fourth Amendment to the United State Constitution.

73.   Article 24 provides that no man ought to be taken or imprisoned or disseized of his

       freehold, liberties or privileges, or outlawed, or exiled, or, in any manner, destroyed,

       or deprived of his life, liberty or property, but by the judgment of his peers, or by the

       Law of the land; Article 26 provides that all warrants, without oath or affirmation, to

       search suspected places, or to seize any person or property, are grievous and

       oppressive; and all general warrants  to search suspected places, or to apprehend

       suspected persons, without naming or describing the place, or in the person in special,

       are illegal, and ought to not be granted.

74.   Defendants had no recognized justification for their warrantless search and seizure of

       Plaintiff Mouzon and his vehicle nor for injuries inflicted upon him as a non-custodial

       citizen.  The Defendant Officers' conduct was objectively unreasonable under

       *Graham v. Connor*, 490 U.S. 386 (1989),  accordingly, the defendant Officer's

       actions violated Plaintiff's rights guaranteed by Article 24 and Article 26 to be free

       from unreasonable searches and seizures.

75.   As a result of Defendants actions, Mr. Mouzon suffered damages  including

       emotional trauma, humiliation, distress, damage to personal property, medical bills,

       severe physical injuries and permanent physical disabilities.  As a result of the acts of

       the defendants, the plaintiff was caused to sustain serious painful and permanent

       injuries to his head body and limbs, severe, shock to his nerves and nervous system

       and great mental suffering whereby he was and will be obligated to receive hospital

and medical care and treatment for such injuries, was and will be required to incur bills for such care and treatment; was and will be prevented from engaging in his usual employment, duties, activities and pursuits; and, will be otherwise injured and damaged, both past, present and in the future.

**WHEREFORE,** Plaintiff brings this action against the defendants, individually and jointly, and claims compensatory damages in the amount of $5,000,000.00 (Five Million Dollars) and punitive damages in the amount of $5,000,000.00 (Five Million Dollars).

## COUNT VII - PLAINTIFF'S § 1983 CLAIM FOR VIOLATION OF PLAINTIFF'S FOURTH AND FOURTEENTH AMENDMENT RIGHTS AND PRIVILEGES
### (Officer Charles Mewshaw; Fabien Laronde; Torran Burrus; Chris Szakolczai; Kevin Saliba)

76.     Plaintiff incorporates Paragraphs 1-75 as if fully stated herein:

77.     That as a result of the actions of the defendants acting under color of law, the Plaintiff was deprived of various rights and privileges guaranteed to him by the United States Constitution and the laws of the land including, but not limited to, the Plaintiff's rights under the Fourth and Fourteenth Amendments of the U.S. Constitution as their actions constituted an illegal search and seizure as well as an unreasonable and excessive use of force.  Furthermore, the defendants' actions resulted in deprivation of Plaintiff's life, liberty and property without due process of law.

78.     That as a result of the actions of the defendants as described in the previous paragraphs, the Plaintiff was caused to sustain serious, painful and permanent injuries to his head, body and limbs, severe shock to his nerves and nervous system and great mental suffering; whereby he was and will be obligated to receive hospital and

medical care and treatment for such injuries, was and will be required to incur bills

for such care and treatment; was and will be prevented from engaging in his usual

employment, duties, activities and pursuits, was and will be caused loss of earnings;

and will be otherwise injured and damaged, past, present and in the future.

**WHEREFORE,** Plaintiff brings this action against the defendants, individually and

jointly, and claims compensatory damages in the amount of $50,000,000.00 (Fifty

Million Dollars) and punitive damages in the amount of $50,000,000.00 (Fifty

Million Dollars).

<u>**COUNT VIII –PLAITNIFF'S § 1983 CLAIM FOR NEGLIGENT**
**SUPERVISION, TRAINING, RETENTION AND CUSTOM OR POLICY OF**
**DELIBERATE INDIFFERENCE**
(Commissioner Anthony Batts, Commissioner Frederick H. Bealefeld III and Mayor
and City Council of Baltimore City)</u>

79.    Plaintiffs incorporate Paragraphs 1-78 as if fully stated herein;

80.    At all times relevant to this Complaint, Defendant former Commissioner Batts  and

       former Commissioner Frederick H. Bealefeld III had a duty, recognized by the

       Baltimore City Police Department General Orders and Maryland State Statute to

       supervise, properly train, monitor and fire Defendant Officers in order to protect Mr.

       Mouzon against depravation of his constitutional rights and unreasonable risks of

       harm and physical injury inflicted by Baltimore City Police Officers;

81.    That Defendant Commissioners showed a deliberate indifference to the civil rights of

       Mr. Mouzon, despite having specific knowledge of Defendant Officers and other

       BPD Officers previous excessive force complaints, in custody deaths and deaths of

       non-custodial persons, namely those identified in paragraph  43, Commissioners Batts

       and Bealefeld failed to train, supervise, monitor and fire the Defendant Police

Officers for their roles in previous well publicized beatings and in custody deaths at the hands of the Defendant Officers in this case and other Police Officers of the BPD.

82.   As a direct result of Defendant Commissioners Batts' and Bealefeld's breach of their duty and failure, to train, monitor supervise and/or fire the Defendant Officers, the named Defendant Officers, continued their pattern of unprovoked illegal traffic stops followed by assaulting/battering, restraining Plaintiff Mouzon and incapacitating him. All these actions occurred in front of the general public in the middle of a busy street and were a part of a long standing Baltimore City Police Departmental policy and custom.

83.   As a direct result of Defendant Commissioners Batts' and Bealefeld's breach of duty, the named Defendant Officers severely injured Mr. Mouzon on January 28, 2013 by similar tactics and use of excessive force complained of by other Baltimore City residents.  These acts included illegal stops and illegal traffic stops, followed by being assaulted and battered with use of departmental issued weapons resulting in injuries. These actions as well as the actions in the present case were the direct result of the former Commissioners Bealefeld and Batts failure to train and supervise the said defendant officers.

84.   Defendant Commissioners Batts' and Bealefeld's acted with deliberate indifference to the constitutional rights to the citizens of Baltimore with whom their officers came in contact with every day.  Further, Defendants Batts, Bealefeld and the Mayor and City Council of Baltimore were clearly aware or should have been aware that Defendant Officers were executing a custom of the Baltimore City Police Department and the City of Baltimore.

85.     As a direct cause of Defendant Commissioners Batts, and Bealefeld the Baltimore

City Police Department's custom of not screening new hires, training, monitoring,

supervising, failing to fire Defendant Officers and/or failing to implement policy that

prohibits the conduct complained of in this suit, despite having specific knowledge of

previous instances of constitutional violations to other Baltimore Citizens, Mr.

Mouzon was severely injured and suffered Constitutional depravations which were

foreseeable and would not have happened had the Defendant Officers been properly

trained. The training provided to said defendant officers was deficient with respect to

the following: 1) engaging unarmed, cooperative drivers out of their vehicles during

alleged traffic stops; 2) use of deadly force on an unarmed person that posed no threat

to anyone; 3) taking and destroying the personal property of persons in police custody

without the property owner's permission; and 4) creating and escalating violence

when effectuating a traffic stop.

86.     The unconstitutional actions of the Defendant Officers in this case and deliberate

indifference to the Constitutional Rights of Mr. Mouzon demonstrated by Defendant

Commissioners Batts and Bealefeld also represented an official policy of Defendant

Mayor and City Council of Baltimore.  Such conduct has resulted in the United States

Justice Department announcing on May 8, 2015 that they have opened Pattern or

Practice Investigation into the Baltimore Police Department, pursuant to the Violent

Crime Control and Law Enforcement Act of 1994[5] to investigate Civil Rights

Violations and allegations of excessive force directed at Baltimore residents by

---

[5] http://www.justice.gov/opa/pr/justice-department-opens-pattern-or-practice-investigation-baltimore-police-department

Baltimore City Police Officers and the Mayor and City Council's lack of adequate response to said allegations of Constitutional depravations.

87.    That as a result of the actions of the defendants as described in the previous paragraphs, the Plaintiff was caused to sustain serious, painful and permanent injuries to his head, body and limbs, severe shock to his nerves and nervous system and great mental suffering; whereby he was and will be obligated to receive hospital and medical care and treatment for such injuries, was and will be required to incur bills for such care and treatment; was and will be prevented from engaging in his usual employment, duties, activities and pursuits, was and will be caused loss of earnings; and will be otherwise injured and damaged, past, present and in the future.

**WHEREFORE,** Plaintiff brings this action against the defendants, individually and jointly, and claims compensatory damages in the amount of $50,000,000.00 (Fifty Million Dollars) and punitive damages in the amount of $50,000,000.00 (Fifty Million Dollars).

### COUNT X – MALICIOUS PROSECUTION/ABUSE OF PROCESS
(Officer Charles Mewshaw; Fabien Laronde; Torran Burrus; Chris Szakolczai; Kevin Saliba)

88.    Plaintiffs incorporate Paragraphs 1-87 as if fully stated herein.

89.    Defendant Officers started the criminal prosecution process against Plaintiff Mouzon alleging offences that said Defendant Officers knew in advance to be false prior to swearing out charges against Mr. Mouzon.

90.    Defendant Officers did so without probable cause necessary to give rise to said charges.

91.     Defendant Officers charged Mr. Mouzon with possession of a handgun and various

other charges out of malice, evil motive and ill will; and, not to bring Mr. Mouzon to

justice for committing an actual criminal offences charged.

92.     The criminal proceeding terminated in favor of Mr. Mouzon with a nolle prosequi

entered on all counts.

**WHEREFORE,** Plaintiff brings this action against the defendants, individually and

jointly, and claims compensatory damages in the amount of $5,000,000.00 (Five

Million Dollars) and punitive damages in the amount of $5,000,000.00 (Five Million

Dollars).

Respectfully submitted,


_____/s/_____
A. Dwight Pettit, Bar ID 01697
Latoya Francis-Williams, Bar ID 29957
Law Offices of A. Dwight Pettit, P.A.
3606 Liberty Heights Avenue
Baltimore, Maryland 21215
(410) 542-5400
*Attorneys for Plaintiffs*


_____/s/_____
Allan B. Rabineau, Bar ID 01636
401 East Pratt Street, Suite 2252
Baltimore, MD  21202
(410) 837-9150
*Attorney for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| Shaun Mouzon | ) |
| 3804  Rockeby Road | ) |
| Baltimore, Maryland 21223 | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action No.: |
| vs. | ) |
| | ) |
| Officer Charles Mewshaw | ) |
| Individually and in Official Capacity | ) |
| 601 E. Fayette Street | ) |
| Baltimore, Maryland 21202 | ) |
| Or | ) |
| Northeastern District | ) |
| 1900 Argonne Dr. | ) |
| Baltimore, MD 21218 | ) |
| | ) |
| and | ) |
| Ltn. Torran D. Burrus | ) |
| Individually and in Official Capacity | ) |
| 601 E. Fayette Street | ) |
| Baltimore, Maryland 21202 | ) |
| Or | ) |
| Northeastern District | ) |
| 1900 Argonne Dr. | ) |
| Baltimore, MD 21218 | ) |
| | ) |
| and | ) |
| Officer Fabien Laronde | ) |
| Individually and in Official Capacity | ) |
| 601 E. Fayette Street | ) |
| Baltimore, Maryland 21202 | ) |
| Or | ) |
| Northeastern District | ) |
| 1900 Argonne Dr. | ) |
| Baltimore, MD 21218 | ) |
| | ) |
| and | ) |
| Officer Chris Szakolczai | ) |
| Individually and in Official Capacity | ) |
| 601 E. Fayette Street | |
| Baltimore, Maryland 21202 | |

and _____

Officer Kevin Saliba
Individually and in Official Capacity
601 E. Fayette Street
Baltimore, Maryland 21202


and
Anthony W. Batts, Police Commissioner for
Baltimore City
Individually and In Official Capacity as
Commissioner
601 E Fayette St.
Baltimore, MD 21202
**Serve on:**
Baltimore City Police Department
Anthony W. Batts, Police Commissioner
601 E Fayette St.
Baltimore, MD 21202


and
Mayor & City Council of Baltimore
**Serve On:**  George Nilson, City Solicitor
Room 101, City Hall
100 North Holliday Street
Baltimore, MD  21202


and
Frederick H. Bealefeld III, Police
Commissioner for Baltimore City
Individually and In Official Capacity as
Commissioner
601 E Fayette St.
Baltimore, MD 21202
**Serve on:**
Baltimore City Police Department
Frederick H. Bealefeld, III, Police
Commissioner
601 E Fayette St.
Baltimore, MD 21202

_____
                    Defendants.

## PLAINTIFF'S DEMAND FOR JURY TRIAL

Plaintiff, Shaun Mouzon, by and through his attorneys, A. Dwight Pettit, Latoya Francis-Williams and the Law Office of A. Dwight Pettit, P.A., Allan B. Rabineau and the Law Office of Allan B. Rabineau, hereby demand a jury trial in the above-captioned matter.


                   /s/
_____
A. Dwight Pettit, Bar ID 01697
Latoya Francis-Williams, Bar ID 29957
Law Offices of A. Dwight Pettit, P.A.
3606 Liberty Heights Avenue
Baltimore, Maryland 21215
(410) 542-5400
*Attorneys for Plaintiffs*


                   /s/
_____
Allan B. Rabineau, Bar ID 01636
401 East Pratt Street, Suite 2252
Baltimore, MD  21202
(410) 837-9150
*Attorney for Plaintiffs*