FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

## SETTLEMENT AGREEMENT AND RELEASE 24  PM 1: 43

CLERK'S OFFICE
AT BALTIMORE
BY_____DEPUTY

THIS SETTLEMENT AGREEMENT AND RELEASE (the "Agreement") is made and entered into this 24 day of ___July___, 2017, by and among Shaun Mouzon (the "Releasing Party"), and The Mayor and City Council of Baltimore (the "City") and Officers Charles Mewshaw, Kevin Saliba, Christopher Szakolczai, Fabien Laronde and Captain Torran Burrus (together with the City, the "Released Parties"). The Released Parties together with the Releasing Party are referred to herein as the "Settling Parties."

### RECITALS

WHEREAS, the Releasing Party filed a Complaint in the United States District Court for the District of Maryland against the Released Parties, substantially or similarly styled *Shaun Mouzon v. Officer Charles Mewshaw, et al.,* Civil Action no. 1:16-cv-000156 (the "Litigation"), arising out of an arrest of the Releasing Party on or about January 28, 2013, at or near the 3300 block of Edmondson Avenue in Baltimore (the "Occurrence"); and

WHEREAS, the Releasing Parties allege they sustained personal injuries, property damage, use and enjoyment damages, and/or economic losses, whether presently known or unknown, related to the Occurrence (hereinafter "Releasing Parties' Losses"); and

WHEREAS, the Settling Parties now desire to fully compromise and settle finally and forever the Litigation and any other all existing or future claims or disputes asserted or which could have been asserted of whatever nature, including without limitation, any and all claims, causes of action, costs and demands of whatever name or nature, in any manner by Releasing Parties arising, growing out of, or on account of any Releasing Parties' Losses, the Litigation or the Occurrence against the City or other persons.

## AGREEMENT

NOW THEREFORE, in consideration of the mutual promises and agreements set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Settling Parties hereby covenant and agree as follows:

1.     **Recitals:**  The foregoing recitals are incorporated into and made part of this Agreement.

2.     **Payment:** Within sixty (60) days of the approval of this Agreement by the Baltimore City Board of Estimates the City shall make the sum total payment to the Releasing Parties of Four Hundred Thousand Dollars and no cents ($400,000.00) (the "Settlement Sum"), as full and final payment, including costs and attorney's fees, for making the release herein and abiding by the terms set forth in this Agreement.

3.     **Dismissal**:  Within one (1) business day after approval of this Agreement by the City's Board of Estimates, Plaintiff shall file with the Court a Joint Stipulation of Dismissal with Prejudice as to the Released Parties.

4.     **Approval by City's Board of Estimates:**  The Settling Parties understand that payment of the Settlement Sum as set forth in this Agreement is subject to, and contingent upon, the prior approval of the City's Board of Estimates.  In the event that the Board of Estimates rejects the settlement, this Agreement will become void and of no legal effect, upon which time the parties could continue to seek whatever redress is available through the Litigation regarding the Occurrence.

5.     **Warranty of Capacity to Enter Into Release:** The Releasing Party represents and warrants that no other person or entity has any interest in the claims, demands, allegations or causes of action referred to in this Settlement Agreement except as

otherwise set forth herein and that they have the sole right and exclusive authority to execute this Settlement Agreement, to receive the sum specified in it and to release all claims on their behalf, and that they have not sold, assigned, transferred, conveyed or otherwise disposed of any claim, demand, obligation or causes of action referred to in this Settlement Agreement. If any person should assert a claim on behalf of the Releasing Party for damages against any of the Released Parties claiming that the Releasing Party did not have the right or authority to enter into this Settlement Agreement or receive the monies hereunder, the Releasing Party agrees to indemnify, defend and hold harmless the Released Parties from any and all claims or contentions, damages, costs, liability and attorneys' fees as a consequence or result of such claim or lawsuit.

6.   **General Release and Covenant not to Sue:**  In consideration of the payment of the Settlement Sum and other good and valuable consideration, the Releasing Party, their heirs, assigns, agents, representatives, attorneys and successors in interest hereby unconditionally release and forever discharge and covenant not to sue the Released Parties, their officials, agents, employees, employers, agencies, departments, directors, officers, members, representatives, assigns, attorneys, successors in interest, and all other persons, firms, governmental entities and corporations from any and all Claims which the Releasing Party may now or hereafter have or claim to have, arising out of, or in any way related to, the Occurrence, Releasing Parties' Losses, and/or the allegations or claims asserted, or that could have been asserted, in the Claim, provided, however, the obligations of the Settling Parties under this Agreement shall continue in full force and effect. "Claims" includes, but is not limited to, any and all losses, costs, expenses, debts, actions (statutory, in law or in equity), causes of action, suits, damages, claims, demands and all other claims, liabilities and

obligations of any nature whatsoever including but not limited to any and all claims for discrimination under Title VII of the Civil Rights Act of 1964, the Civil Rights Act of 1991, the Age Discrimination in Employment Act, the Equal Pay Act, the Older Worker Benefits Protection Act, the Family and Medical Leave Act, the Consolidated Omnibus Budget Reconciliation Act, the Americans With Disabilities Act, the Employee Retirement Income Security Act, and any comparative state law, whether presently known or unknown, including attorneys' and consultant's fees.

7. **Costs and Expenses**. Each party will be responsible for his, her or its own costs and expenses incurred in connection with the prosecution, defense and settlement of the claims asserted by the Releasing Party against the Released Parties.

8. **No Admission of Liability:** It is understood and agreed by the Settling Parties that this Agreement and the releases contained herein shall not be construed as an admission of liability on the part of the Released Parties, any such liability being expressly denied, and that rather, the purpose of this Agreement is to fully and finally resolve all differences amongst the Settling Parties and to allow the Settling Parties to avoid the time, expense and uncertainties of protracted litigation.

9. **Non-Disparagement/Limitation on Public Statements:** As stated in the Recitals and elsewhere in this Agreement, the overarching purpose of this Agreement is to bring final resolution to hotly disputed claims, contentions and allegations. The Settling Parties understand that these disputes could have been decided in a court of law, but have of their own free will and desire determined that each would like to bring the dispute to an end. The Releasing Party acknowledges and agrees that, but for his promises in this Paragraph, the Released Parties would not have settled the Litigation. Accordingly, it is understood and

agreed by the Settling Parties that in exchange for the payment of Five Hundred Dollars ($500.00) of the Settlement Sum by the Released Parties, the Releasing Party, and that party's agents, representatives and attorneys, shall, to the extent permitted by law:

    a.  strictly refrain from and avoid any attempt to defame and/or disparage the Released Parties, including each of the Released Parties' employees or agents regarding any matter related to, or arising from, the Litigation or the Occurrence; and

    b.  strictly limit their public comments regarding the Litigation and the Occurrence to the fact that a satisfactory settlement occurred involving the Parties.

The Releasing Party acknowledges and agrees that the foregoing limitation on public comments or statements shall include a prohibition against discussing, supplying, posting, communicating or publishing any opinions, materials, comments, documents, facts or allegations in any way connected to the Litigation or the Occurrence, or the substance of any prior settlement offers or discussions, with/to anyone including the news media or through any other media (print, television, or online), except that the Releasing Party's counsel may indicate that the Litigation has been settled in the amount stated herein to avoid the cost, time, expense and uncertainties of protracted litigation and to bring the matter to a final resolution.

Notwithstanding the prohibitions stated herein, the Releasing Party may disclose facts regarding this Agreement to his or her counsel, accountants, tax preparers, and financial consultants to the extent reasonably necessary to prepare tax returns or other financial reports in the performance of such person's or entity's professional services rendered to the Releasing Party.  In addition, nothing herein should be construed as prohibiting the Releasing

Party from cooperating with any court subpoena, official federal, Maryland, or local governmental investigation. Further, nothing in this Agreement should be construed as limiting the City's response to any public information requests. The Settling Parties understand that a summary of the settlement and the Litigation will be disclosed to the public by the City, and that upon request the City will provide any disclosable documents including sworn statements generated in the course of litigation.

The Settling Parties agree and understand that any violation of the obligations set forth in this Paragraph 9 is deemed by the Settling Parties to be a material breach of this Agreement which would cause damages to the City which are impossible to calculate (both now and in the future) including damage from reputational loss, increased litigation, and other such intangible or immeasurable potential harms. Accordingly, the Settling Parties hereby make their best estimate of a monetary value for these damages and agree that any such breach shall entitle the City to liquidated damages in the amount of Two Hundred Thousand Dollars ($200,000.00) from the Releasing Party. The other obligations of this Agreement shall remain in force. If it is necessary for the City to pursue in litigation recovery of the liquidated damages described in this paragraph, the City shall be further entitled to recover all reasonable attorneys' fees, costs and expenses of such litigation from the Releasing Party.

10. **Medicare/Medicaid Liens**: The Releasing Party understands that Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007 ("MMSEA") imposes a lien (the "Medicare Lien") for reimbursement of certain payments made by Medicare. The Settling Parties understand and believe that there are no outstanding Medicare Liens. Notwithstanding this, in the event that payment of the claims results in an obligation to reimburse Medicare, the Releasing Party agrees to make such reimbursement and agrees

that his attorneys may retain sufficient funds in the attorneys' escrow account to satisfy the Medicare Lien.  If the Releasing Party or his attorneys fail to satisfy a Medicare Lien, and that failure causes the Released Parties to pay or reimburse any person or entity any amount MMSEA specifies, the Releasing Party agrees to reimburse the Released Parties' payment or reimbursement to such person or entity. Upon receipt of documentation from Medicare that any Medicare Lien is satisfied, the Releasing Party will send a copy of such documentation to the Released Parties.

11. **No Evidence of Need to Indemnify:** It is understood and agreed by the Settling Parties that this Agreement and/or corresponding settlement or payment of the Settling Sum is not to be construed as evidence of an obligation on behalf of the City to indemnify any person who may be covered under this Agreement for claims of intentional conduct, as such contention is expressly denied.

12. **Entire Agreement of the Parties:**  It is understood and agreed by the Parties that this Agreement constitutes the entire Agreement among the Settling Parties with respect to the subject matter hereof and supersedes all other prior and contemporaneous written or oral agreements and discussions.  This Agreement may only be amended by a writing signed by all parties hereto.

13. **Drafting of the Agreement.**   The Parties acknowledge and agree that this Agreement represents the product of negotiations and shall not be deemed to have been drafted exclusively by any one party.  In the event of a dispute regarding the meaning of any language contained in this Agreement, the Settling Parties agree that the same shall be accorded a reasonable construction and shall not be construed more strongly against one party than the other.

14. **Severability:**   In the event that any covenant, condition, or other provision contained in this Agreement is held to be invalid, void, or illegal by any court of competent jurisdiction, the same shall be deemed severable from the remainder of this Agreement and shall in no way affect, impair or invalidate any other covenant, condition or other provision contained herein.  If such condition, covenant or other provision shall be deemed invalid due to its scope of breadth, such covenant, condition or other provision shall be deemed valid to the extent of the scope of breadth permitted by law.

15. **WAIVER OF JURY TRIAL:  TO THE EXTENT AN ACTION IS FILED IN ANY COURT FOR A BREACH OF ANY COVENANT, TERM OR CONDITION OF THIS AGREEMENT, THE SETTLING PARTIES HEREBY VOLUNTARILY WAIVE ANY AND ALL RIGHTS TO A TRIAL BY JURY.**

16. **Knowing and Voluntary Act:**  Each of the Settling Parties represents that each has read this Agreement and acknowledges that each has been represented or had the opportunity to be represented by legal counsel of their own choice throughout all of the negotiations which preceded the execution of this Agreement and that each party has voluntarily executed this Agreement with the consent and/or on the advice of such legal counsel.  Each of the Settling Parties further acknowledges that each and such party's counsel have had adequate opportunity to make whatever investigation or inquiry they may deem necessary or desirable in connection with the subject matter of this Agreement prior to the execution hereof and the delivery and acceptance of the considerations specified herein.  The Settling Parties shall bear their own costs, including, but not limited to, attorney's fees associated with the Litigation or the Occurrence.

17. **Survival of Terms:** The Settling Parties agree that this Agreement shall upon approval inure to the benefit of the Settling Parties and their respective agents, assigns, partners, heirs, executors, administrators, and personal or legal representatives. The Settling Parties understand and agree that the terms, covenants, and conditions set forth in this Agreement shall survive the closing of the Agreement.

18. **Governing Law:**   This Agreement shall be governed by and construed and enforced in accordance with the laws of the State of Maryland, without giving effect to its conflicts of law provisions, and any disputes arising out of or under this Agreement shall be subject to the exclusive jurisdiction of the state or federal courts located in Baltimore City, Maryland.

19. **Counterparts:**  This Agreement may be executed in any number of counterparts, each of which shall be deemed an original, but all of which together shall be deemed to be one and the same instrument.  An emailed, facsimile or copy signature will be binding and legal in all respects as if it were an original signature to this Agreement.

IN WITNESS WHEREOF, the Parties have executed this Agreement by the duly authorized representatives as of the date first written above:

WITNESS

_____(SEAL)
Shaun Mouzon

MAYOR AND CITY COUNCIL OF BALTIMORE

WITNESS

By:_____(SEAL)
David Ralph, Interim City Solicitor

701126.1 7/24/17

Approved as to Form and Legal Sufficiency   **APPROVED BY THE BOARD OF ESTIMATES**


By:_____          By:_____  _____
                                              Clerk                           DATE